N554HOPC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          22 Cr. 465 (RA)

LAKENYA HOPKINS,
                                        Conference
                Defendant.

------------------------------x
                                        New York, N.Y.
                                        May 5, 2023
                                        11:12 a.m.

Before:

                    HON. RONNIE ABRAMS,

                                        District Judge

                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
MATTHEW KING
     Assistant United States Attorney
HARVEY FISHBEIN
     Attorney for Defendant


Law Office of Lauren Di Chiara
     Attorneys for Defendant
BY:  LAUREN DI CHIARA
```

1              (Case called)

2              MR. KING:  Good morning, your Honor.  Matthew King for
3     the government.

4              MR. FISHBEIN:  Good morning.  Harvey Fishbein for
5     Ms. Hopkins.  With me is Lauren Di Chiara, and I would ask for
6     the Court's permission if Ms. Di Chiara could handle today's
7     appearance.

8              THE COURT:  Yes, of course.

9              MR. FISHBEIN:  And before we start, may I have one
10    moment to say something to the government?

11             THE COURT:  Yes.  Go ahead.

12             (Discussion held off the record)

13             THE COURT:  All right.  So why don't either of you
14    just tell me where we are in terms of discovery and next steps.
15    Mr. King?

16             MR. KING:  I'm happy to speak to that, your Honor.  So
17    as of today, the government has produced all of the Rule 16
18    discovery that it has.  What we just provided to defense
19    earlier outside were basically what was remaining to the
20    produced was full forensic copies of the devices that the
21    government had seized.  The government had produced already,
22    back in October, responsive sets of our review from those
23    devices which we obtained pursuant to search warrants.  It took
24    some time to get the forensic copies of the devices in a format
25    that was viewable for the defense.  That has been done, and we

1    produced those today.
2         So at this moment with respect to what the government
3    has currently, obviously, if the case goes to trial the
4    government would continue to investigate.  But as of now, the
5    defense has all the Rule 16 discovery that the government has
6    in its possession.
7         We were before your Honor in February when
8    Mr. Fishbein and Ms. Di Chiara were appointed as new counsel
9    for Ms. Hopkins.  I understand from speaking with Mr. Fishbein
10   just a moment ago, they intend to ask your Honor for 60 days to
11   continue to review the discovery as well as to speak to
12   Ms. Hopkins about the case.  The government has no objection to
13   putting it off for 60 days to see if they have any motions to
14   make.
15        I'm happy to let Mr. Fishbein provide any other
16   detail, but with respect to discovery, it has now been all
17   produced.
18        THE COURT:  All right.  Ms. Di Chiara, is there
19   anything you want to add?
20        MS. DI CHIARA:  No, your Honor.  We did receive hard
21   drives this morning with the last bit of discovery from the
22   government.  And we would like that 60 days, so we have an
23   opportunity to go through it ourselves as well as with
24   Ms. Hopkins.
25        THE COURT:  So why don't we choose a date?

N554HOPC

1    MS. DI CHIARA:  Your Honor, one last thing.  It is
2 quite voluminous, the discovery.  And should we need additional
3 time, we would ask permission to write a letter to the Court to
4 request additional time if we need to prior to the next court
5 appearance.
6    THE COURT:  Yes.  That's fine.
7    I was thinking we could do it on maybe Friday, July 7.
8 Does that work?
9    MR. KING:  Fine for the government, your Honor.
10    THE COURT:  At 11:00.  Does that work for the defense?
11    MS. DI CHIARA:  Yes, your Honor that works.
12    THE COURT:  OK.  We'll meet again on that date.
13    Is the government seeking to exclude time under the
14 Speedy Trial Act?
15    MR. KING:  We are, your Honor.  The government will
16 make an application to exclude time in the interest of justice
17 to permit defense counsel to review the discovery on their own
18 and also with Ms. Hopkins to allow the parties to engage in any
19 discussions about possible pretrial resolutions of the charges.
20    THE COURT:  So I am going to exclude time from today
21 until July 7, pursuant to 18, United States Code Section
22 3161(h)(7)(A).  I find that the ends of justice serve by
23 excluding such time outweigh the interest of the public and the
24 defendant in a speedy trial, because number one, this is the
25 request of the defense for additional time to review the

1  discovery and to consider any motions and, in addition, to
2  discuss any possible disposition of the case.
3            What I'd like to do on the 7th is set a motion
4  schedule and a date.  So just come prepared with your
5  calendars.  Even if you need additional time to make those
6  motion, I at least want to set a schedule, because it can
7  sometimes be difficult to do so given everyone's calendars.
8            Are there any additional applications at this time
9  either from the government?
10           MR. KING:  Nothing further from the government.
11           THE COURT:  Or the defense?
12           MS. DI CHIARA:  No, your Honor.
13           THE COURT:  Thank you.  We are adjourned.  Have a good
14  weekend.
15           (Adjourned)