UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> LAKENYA HOPKINS, <br><br>                    Defendant. | No. 22-CR-465 (RA) <br><br> MEMORANDUM <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

**BACKGROUND**

On November 21, 2023, Defendant Lakenya Hopkins pled guilty to securities fraud under 15 U.S.C. §§ 78j(b), 78ff, pursuant to a plea agreement with a stipulated Sentencing Guidelines range of twenty-one to twenty-seven months. *See* ECF Nos. 39, 52, 63. Ms. Hopkins engaged in an investment fraud scheme from August 2020 until April 2021, in which she obtained over $300,000 from over 100 victims, specifically targeting victims of color under the guise that she would help them build much needed generational wealth. *See* Sentencing Tr., ECF No. 63 at 24:14–20. Ms. Hopkins admitted that she "wrongfully induced people to invest . . . by misrepresenting the rate of return and then using the money for [her] own personal gain." Plea Tr., ECF No. 39 at 19:17–20.

During the plea allocution, the Court complied with Federal Rule of Criminal Procedure 11 and informed Ms. Hopkins, inter alia, of her right not to plead guilty, the rights she would be giving up by pleading guilty, and the consequences of such a plea. *Id.* at 4:25–8:5; 11:13–21; 16:4–10; 18:2–5. The Court also confirmed that she was satisfied with her attorney's representation. *Id.* at 4:22–24. After concluding that Ms. Hopkins "acknowledge[d] that [she was] in fact guilty as charged in Count One of the indictment," that it was "satisfied that [she understood her] rights,

including [her] right to go to trial," "believe[d] that [she was] aware of the consequences of [her] plea, including the sentence which may be imposed," and "[found] that [she was] knowingly and voluntarily pleading guilty," the Court "accept[ed her] plea to Count One of the indictment." *Id.* at 21:5–12.

On July 31, 2024, Ms. Hopkins was sentenced to a term of twenty-four months' imprisonment and three years' supervised release, as well as restitution in the amount of $289,630. *See* ECF No. 52, at 2–3, 6. Ms. Hopkins is due to surrender for service of sentence on October 1, 2024. *Id.* at 2.

On August 6, 2024, Ms. Hopkins filed a *pro se* Notice of Appeal. *See* ECF No. 53. She then filed a *pro se* Notice of Motion dated August 19, 2024 before this Court, which was docketed on August 21, 2024. *See* ECF No. 57. The Court construes this filing as a motion to remain on release while her appeal is pending before the Second Circuit. *See* 18 U.S.C. § 3143(b)(1).[1] On August 21, 2024, the Second Circuit granted a motion to withdraw by Ms. Hopkins' former counsel, Mr. Harvey Fishbein, Esq. *See United States v. Hopkins*, No. 24-4085, ECF Nos. 12, 15. Mr. Fishbein remained counsel of record before this Court until August 27, 2024, when it too granted his request to withdraw as counsel. *See* ECF No. 60. The Court subsequently appointed the C.J.A. attorney on duty to assume representation of Ms. Hopkins for purposes of her pending motion. *See* ECF No. 61. On August 27, 2024, Mr. Peter Enrique Quijano, Esq. entered an appearance in this matter. *See* ECF No. 62.

On September 17, 2024, Mr. Quijano advised the Court via letter that he "explained to Ms. Hopkins the factors and the legal standard needed to warrant bail pending appeal" and "point[ed]

---

[1] Ms. Hopkins styled her motion as "a Rule 8(a) motion for stay; an order suspending or granting injunction while appeal is pending." *See* ECF No. 57. The Court assumes that Ms. Hopkins' motion references Federal Rule of Appellate Procedure 8(a), although that rule only covers motions for stays that are filed before federal courts of appeals. *See* Fed. R. App. P. 8.

2

out . . . the unlikelihood that the Court would find a viable basis for granting bail pending appeal." *Id.* at 2. Counsel "further advised" Ms. Hopkins that he "could not supplement her *Pro Se* motion, or bring a separate motion for bail pending appeal, because the facts, circumstances and the law herein would not support such an application." *Id.*

## LEGAL STANDARD

Pursuant to the Bail Reform Act, the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless it makes certain findings by "clear and convincing evidence." 18 U.S.C. § 3143(b)(1). As articulated by the Second Circuit in *United States v. Randell*, district courts may only allow a defendant to remain on release pending appeal where they make the following determinations:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
(2) that the appeal is not for purpose of delay;
(3) that the appeal raises a substantial question of law or fact; and
(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

761 F.2d 122, 125 (2d Cir. 1985). A "substantial question" under the third prong is "a 'close' question or one that very well could be decided the other way." *Id.* (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Even where a question raised on appeal is "substantial," a court must "consider whether that question is 'so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). "[T]he burden of persuasion rests on the defendant" to demonstrate that each of these four requirements is met. *Id.* (citing S. Rep. No. 225, 98th Cong., 2d Sess. 26).

3

Because Ms. Hopkins proceeds *pro se* on this motion, the Court provides her "special solicitude" and interprets her motion "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (internal quotation marks omitted); *see also United States v. Adelekan*, No. 19-cr-291, 2022 WL 17968647, at *2 (S.D.N.Y. Dec. 27, 2022).

**DISCUSSION**

The Court construes Ms. Hopkins' motion as one seeking to remain on release pending resolution of her appeal. She argues that she is "already wearing an ankle monitor," is "not a flight risk," and is "very compliant with most pre and post trial obligations." ECF No. 57. Even if Ms. Hopkins' assertions were sufficient for the Court to conclude that she "is not likely to flee or pose a danger to the safety of any other person or the community if released," *Randell*, 761 F.2d at 125, she fails to at all address the other factors that the Court must consider before granting her motion.

The Court, for example, is unaware of any "substantial question" that Ms. Hopkins could present on appeal, let alone one that would be likely to result in "reversal," "a sentence that does not include a term of imprisonment," or a "reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(i), (iii)–(iv). Not only has she failed to identify any such question,[2] but before the Court accepted her plea, it, consistent with Federal Rule of Criminal Procedure 11, affirmed that her plea was "knowing and voluntary," and advised her "of the right to plead not guilty, the rights waived by pleading guilty, and other specific consequences of pleading guilty, such as the maximum penalties [s]he faces, including imprisonment, fine, and term of supervised release."

---

[2] Ms. Hopkins' notice of appeal does not indicate the question presented before the Second Circuit Court of Appeals, *see* ECF No. 53, and her opening appellate brief has not yet been filed, *see United States v. Hopkins*, No. 24-4085, ECF No. 22.

4

*United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted). Ms. Hopkins was then sentenced to a term of imprisonment within the Sentencing Guidelines range agreed to by the parties. *See* Sentencing Tr., ECF No. 63 at 4:7–16.

For these reasons, Ms. Hopkins has not met the requirements set forth in 18 U.S.C. § 3143(b)(1), and her motion for release pending resolution of her appeal is thus denied.[3]

## CONCLUSION

Ms. Hopkins' motion for release pending appeal is hereby DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 57.

Mr. Quijano is respectfully directed to provide Ms. Hopkins with a copy of this Order.

SO ORDERED.

Dated:   September 20, 2024
         New York, New York

                                             Ronnie Abrams
                                             United States District Judge

---

[3] To the extent Ms. Hopkins seeks to stay her sentence under Federal Rule of Criminal Procedure 38, that application is also denied. Although "under Rule 38 . . . , a court 'must stay a sentence of imprisonment' if the defendant 'is released pending appeal,'" *United States v. Nkanga*, 450 F. Supp. 3d 491, 496 (S.D.N.Y. 2020) (quoting Fed. R. Crim. P. 38(b)(1)), "if the defendant 'is not released pending appeal,' the Rule authorizes the Court only to 'recommend to the Attorney General that the defendant be confined near the place of the trial or appeal,'" *id.* (citing Fed. R. Crim. P. 38(b)(2)).