UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES,

v.

LAKENYA HOPKINS,

Defendant.

---

No. 22-CR-465 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On November 21, 2023, Defendant Lakenya Hopkins pled guilty to securities fraud under 15 U.S.C. §§ 78j(b), 78ff. *See* ECF Nos. 39. On August 6, 2024, Ms. Hopkins filed a *pro se* Notice of Appeal. *See* ECF No. 53. She then filed a *pro se* Notice of Motion dated August 19, 2024 before this Court, which was docketed on August 21, 2024. *See* ECF No. 57. The Court construed this filing as a motion to remain on release while her appeal is pending before the Second Circuit. *See* ECF No. 66.

The Court is now in receipt of a letter submitted to the Pro Se Office by Ms. Hopkins on September 26, 2024. *See* ECF No. 67. In her letter, Ms. Hopkins states that she "was unaware of [the Court's] request to grant [her] a delay" because it was sent to the office of her former attorney, Mr. Harvey Fishbein, Esq. *See id.* at 1. The Court is unclear as to exactly which document Ms. Hopkins is referring, because it has never "request[ed] to grant [her] a delay." It may be the Court's Order of August 21, 2024, which directed Mr. Fishbein to confer with her and advise the Court as to whether he would continue to represent her before this Court. *See* ECF No. 58. The Clerk sent this Order to Ms. Hopkins via mail at 643 Park Avenue, New York, NY 10065, which is the address she included in her *pro se* notice of motion for release pending resolution of her appeal before the Second Circuit. *See* ECF Nos. 57, 58.

After Mr. Fishbein was unable to reach Ms. Hopkins, he filed a motion to withdraw as counsel, which the Court granted. *See* ECF Nos. 59, 60. The Court then ordered the CJA attorney on duty to assume representation of Ms. Hopkins for the purpose of her motion and to file a letter updating the Court on the status of the motion by September 4, 2024. *See* ECF Nos. 60, 61.

Mr. Peter Enrique Quijano, Esq. entered an appearance on August 27, 2024, *see* ECF No. 62, and advised the Court on September 17, 2024 via letter that he "explained to Ms. Hopkins the factors and the legal standard needed to warrant bail pending appeal" and "point[ed] out . . . the unlikelihood that the Court would find a viable basis for granting bail pending appeal." ECF No. 65 at 2. Mr. Quijano also apologized for his tardy response. *See id.* On September 20, 2024, the Court denied Ms. Hopkins' motion to remain on release while her appeal is pending before the Second Circuit. *See* ECF No. 66.

In Ms. Hopkins' most recent letter she expresses concern about Mr. Quijano's failure to provide the Court with a status update by the September 4, 2024 deadline. *See* ECF No. 67. In deciding to deny Ms. Hopkins' motion, however, it in no way sought to penalize her for Mr. Quijano's tardy filing. In fact, the Court did not consider the date on which Mr. Quijano filed his letter when considering the merits of her motion.

Ms. Hopkins additionally writes that she "would truly appreciate if [the Court] would reconsider granting [her] a delay or a stay—whichever [the Court] sees fit." *Id.* at 2. To the extent that Ms. Hopkins' letter is a motion for reconsideration of the Court's Order of September 20, 2024, that application is denied. "While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, such motions have traditionally been allowed within the Second Circuit." *United States v. David*, No. 12-cr-214, 2024 WL 4054359, at *2 (S.D.N.Y. Sept. 5, 2024) (quoting *United States v. Whaley*, No. 09-cr-619, 2024 WL 2846952, at

2

*1 (E.D.N.Y. June 5, 2024)); *see also* Local Criminal Rule 49.1(b) (governing deadlines for motions for reconsideration). "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *David*, 2024 WL 4054359, at *2 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). Although Ms. Hopkins' letter expresses concerns about her appellate counsel's ability to adequately represent her before the Second Circuit if she is incarcerated while her appeal is pending, she provides no intervening changes in the law that would alter the Court's decision, presents no new evidence, and does not provide a basis—or even argue—that the Court committed clear error in rendering its decision of September 20, 2024.

For these reasons, Ms. Hopkins' motion is DENIED.

Mr. Quijano is respectfully directed to provide Ms. Hopkins with a copy of this Order. The Clerk of Court is directed to send via mail a copy of this Order to Ms. Hopkins at the address she listed in her Notice of Motion. *See* ECF No. 57. The Clerk of Court is also respectfully directed to terminate the motion pending at ECF No. 65.

SO ORDERED.

Dated:  September 27, 2024
        New York, New York

Ronnie Abrams
United States District Judge